UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JON M. DOE, also known as, JANE F. DOE, | ) ) ) |
|       *Plaintiff* | ) ) ) |
| v. | )   CAUSE NO. 2:13-CV-307 RLM ) |
| MITCH DANIELS, *et al.*, | ) ) ) |
|       *Defendants* | ) |

OPINION AND ORDER

Plaintiff brought suit in the name of John Doe/Jane Doe under various federal laws challenging the denial of promotion and tenure at Purdue University Calumet. His motions to file the case under seal, to file a long complaint, to proceed without prepayment of fees or costs, for injunctive relief, and to make case public currently pend before the court.

Fed. R. Civ. P. 17 provides, however, that "[a]n action must be prosecuted in the name of the real party in interest," and is subject to dismissal if, after a reasonable time has been allowed, the real party in interest hasn't ratified, joined, or been substituted into the action. The court can, in the exercise of its discretion, allow a party to proceed under an assumed or fictitious name, but only in exceptional cases "where the party has a privacy right so substantial as to outweigh the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" Doe v. Indiana Black Expo, Inc., 923 F.Supp. 137, 139 (S.D. Ind. 1996) (quoting Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992); see

also M.M. v. Zavaras, 139 F.3d 798, 801 (10th Cir. 1998); National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1245 (10th Cir. 1989).

In this case, the plaintiff's complaint, application to proceed *in forma pauperis*, and various other motions, were filed in the name of "Jon M. Doe a/k/a Jane F. Doe." Although the plaintiff asserts in his motion to file under seal, that privacy is needed because "students are involved" and the "plaintiff inherits tremendous liability for future employment" in such a case, he/she hasn't sought leave of court to proceed under an assumed or fictitious name and hasn't identified a significant privacy interest that would warrant an exception to the rules of procedure, or outweigh the public's interest in open proceedings, and has since moved to make the case public, mooting the motion to seal.

For the foregoing reasons, leave to proceed under a fictitious name is DENIED, as are plaintiff's motion to seal [Doc. No. 2], motion to file a long complaint [Doc. No. 3], application to proceed without prepaying fees or costs, motion for injunctive relief [Doc. No. 5], and motion to make case public [Doc. No. 6]. The plaintiff shall have 14 days from the date of this order to amend his complaint to ratify, join, or substitute the real party in interest, and to pay the $400.00 filing fee or file an application to proceed without prepayment of fees or costs verified by the real party in interest. If the plaintiff doesn't respond by that date, this case will be dismissed without further notice for failure to prosecute in the name of the real party in interest and/or for non-payment of the filing fee.

SO ORDERED.

ENTERED:    October 2, 2013

                             /s/ Robert L. Miller, Jr.
                        Judge
                        United States District Court